1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

CANDACE GRIFFITH,                          )        Case No. 1:07-cv-0819 OWW TAG
                                           )
                    Plaintiff,             )        ORDER TO SHOW CAUSE WHY THE
                                           )        ACTION SHOULD NOT BE DISMISSED
        v.                                 )        FOR FAILURE TO PROSECUTE AND
                                           )        FAILURE TO COMPLY WITH COURT
                                           )        ORDERS
MICHAEL J. ASTRUE,                         )        (Docs. 4, 8).
Commissioner of Social Security,           )
                                           )
                    Defendant.             )
                                           )
_____)

        On June 6, 2007, Plaintiff, Candace Griffith ("Plaintiff"), filed a pro se complaint in this

Court seeking judicial review of an administrative decision denying her claim for supplemental

security income under the Social Security Act (the "Act"). A Scheduling Order issued on June 7,

2007. (Doc. 4). Among other things, the Scheduling Order directed Plaintiff to serve "the

summons, complaint, and the notice and form of consent to proceed before a magistrate judge

provided by Local Rule 73-305(a), and a copy of [the scheduling] order" (collectively, the

"Service Documents") within 20 days after filing her complaint and *to file a return of service*

*with this court*. (See Doc. 4 at ¶ 1). The return of service comprises part of the summons issued

to Plaintiff for purposes of effecting service. The return of service is located on the second page

of the summons and is entitled "Return of Service." (See Doc. 3).

1

On October 1, 2007, after reviewing the case docket, the Court observed that Plaintiff had not served Defendant Commissioner of Social Security or filed a return of service and, accordingly, ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute.  (Doc. 6).

On October 16, 2007, Plaintiff filed a letter, construed as a response to the October 1 Order to Show Cause, explaining that she attempted to discover the appropriate persons to serve and the proper method of service, but had not properly served all of the requisite entities.  (Doc. 7).  Plaintiff attached certified mail receipts reflecting that she had mailed documents, via certified mail, return receipt requested, to Michael J. Astrue in Baltimore, MD; the Social Security Administration, Office of the General Counsel, 505 United Nations Plaza, San Francisco, CA 94102; and the Attorney General of the United States, Washington DC, 20530. (Doc. 7 at attach).  Return receipts signed in June 2007 were included for the latter two addresses, but not for the document sent to Baltimore, MD.  (Id.).  Moreover,  no returns of service have been filed indicating that the documents served included the complaint and summons.  (See generally Dkt. Report).  Nonetheless, for good cause shown, on October 24, 2007, the undersigned discharged the Order to Show Cause and granted Plaintiff an additional twenty days to properly effect service on all of the required parties.  (Doc. 8).  Plaintiff was warned that failure to comply with the October 24 Order would result in a recommendation that her action be dismissed.  (Id.).

A review of the record reveals that, to date, Plaintiff has not properly served Defendant Commissioner, and has not filed any return of service in this action.  (See Dkt. Report).

Federal Rule of Civil Procedure 4(c)(1) provides that a summons must be served with a copy of the complaint.  "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1).   The plaintiff must also ensure that the summons and complaint are served by an eligible person, i.e., by "[a]ny person who is at least 18 years old

and not a party" to the action.  Fed. R. Civ. P. 4(c)(2).  The plaintiff must also cause the

summons and complaint to be served within the statutory time limits.  "If a defendant is not

served within 120 days after the complaint is filed, the court – on motion or on its own after

notice to the plaintiff – must dismiss the action without prejudice against that defendant or order

that service be made within a specified time.  But if the plaintiff shows good cause for the failure,

the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

The defendant in this action is Michael J. Astrue, Commissioner of Social Security.

(Doc.1).  Federal Rule of Civil Procedure 4(i) sets forth the requirements for service of process

upon the United States and its agencies, corporations, officers, or employees.

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

**(1)** *United States.* To serve the United States, a party must:

**(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**(4)** *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

///

3

**(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
**(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed.R.Civ.P. 4(i).

Pursuant to Rule 4(i)(1), in order to properly serve Defendant Commissioner and to comply with the Scheduling Order (Doc.4), Plaintiff must cause a copy of the Service Documents to be delivered to the United States Attorney for the Eastern District of California.  Plaintiff must also cause a copy of the Service Documents to be delivered by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia (Rule 4(i)(1)(B)).  Plaintiff must also cause a copy of the Service Documents to be delivered by registered or certified mail to the Social Security Administration (Rule 4(i)(1)(C)).

Moreover, as a party to the action, Plaintiff cannot serve the Service Documents herself.  In accordance with Federal Rule of Civil Procedure 4(c)(2), service of a summons and complaint may be effected by any person who is not a party to the action and who is at least 18 years of age.  Fed.R.Civ.P.4(c)(2).  The person who serves the Service Documents must sign the return of service located at page two of the summons, wherein the server declares under penalty of perjury the who, what, when, where, and how of service, i.e, *who* served the documents, *what* documents were served, *when* the documents were served, *where* the documents were served, and *how* the documents were served.   In many civil actions, parties use a private process server to effect service of process. Service by an unauthorized person, e.g., a party to the action, or a nonparty under the age of 18, is ineffective. See Fed.R,.Civ.P.4(c)(2) .

As noted above, it is possible that Plaintiff has sent the Service Documents to the Attorney General of the United States, however, she has failed to file a return of service attesting that the Service Documents were served.  Moreover, it appears likely that Plaintiff performed the service herself, rather than causing the summons and complaint to be served by someone who is at least 18 years old and not a party to the action. (Doc. 7 at attach.).  In addition, Plaintiff, has not properly effected service, as detailed above, to the Social Security Administration or the

4

Attorney General for the Eastern District of the United States.

In order for this case to proceed, Plaintiff must effect proper service of the Service Documents, by an eligible person, and must cause properly executed returns of service to be filed with the Court.

It appears to the Court that Plaintiff has failed to effect proper service in this action.  In addition, Plaintiff has failed to cause any return of service to be filed with the Court. Therefore, Plaintiff shall be ordered to show cause why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Scheduling Order and the Court's Order dated October 24, 2007.  (Docs. 4, 8).

<u>ORDER TO SHOW CAUSE</u>

Accordingly, IT IS HEREBY ORDERED, that within fifteen (15) days from the date of this Order, Plaintiff shall show cause, in writing, why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Scheduling Order (Doc. 4) and the Court's Order dated October 24, 2007 (Doc.8).

This Order to Show Cause may be vacated if Plaintiff causes the Service Documents (the Service Documents include the summons, complaint, the notice and form of consent to proceed before a magistrate judge provided by Local Rule 73-305(a), and a copy of the scheduling order) to be properly served upon Defendant and causes properly executed returns of service to be filed with the Court, **no later than the date which is fifteen (15) days from the date of this Order to Show Cause**.

**Plaintiff is forewarned that if she fails to cause the Service Documents to be properly served upon Defendant or fails to cause properly executed returns of service to be filed with the Court as ordered herein, the Court will issue Findings and Recommendations recommending that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **February 1, 2008**                        _____**/s/ Theresa A. Goldner**_____
                                                         UNITED STATES MAGISTRATE JUDGE