# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE GRIFFITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 1:07-cv-0819 OWW TAG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE<br>(Docs. 4, 8, 9)<br><br>OBJECTIONS, IF ANY, TO BE FILED WITHIN FIFTEEN DAYS |

## BACKGROUND

Plaintiff, Candace Griffith ("Plaintiff"), filed a pro se complaint in this Court seeking judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income under the Social Security Act. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and Local Rule 72-302(c)(15).

Plaintiff filed her complaint on June 6, 2007. (Doc. 1). On June 7, 2007, the Court issued a Scheduling Order, which, inter alia, directed Plaintiff to serve her complaint upon the Commissioner within twenty days after filing her complaint and to file a return of service with this Court. (See Doc. 4 at ¶ 1). After reviewing the case docket on October 1, 2007, and observing that no return of service had been filed, this Court issued an Order to Show Cause directing Plaintiff to show cause why the action should not be dismissed for failure to prosecute. (Doc. 6). On October 24, 2007, pursuant to Plaintiff's request and for good cause shown, this Court discharged its October 1, 2007 Order to Show Cause (Doc. 6), and, sua sponte, granted

Plaintiff an additional twenty days to effect service on all of the required parties. (Doc. 8). The Court specifically advised Plaintiff that "failure to comply with this order will result in a recommendation that her case be dismissed." (Id.). When no return of service was filed as of February 1, 2008, this Court issued a second Order to Show Cause, directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to comply with the Scheduling Order and the Order dated October 24, 2007. (Doc. 9). The second Order to Show Cause warned Plaintiff that the Court would issue Findings and Recommendations recommending the action be dismissed unless, within fifteen days, Plaintiff caused Defendant to be properly served and filed properly executed returns of service with the Court. (Id.) On February 19, 2008, Plaintiff filed a letter response to the second Order to Show Cause. (Doc. 11). Plaintiff's letter response and its attachments fail to provide good cause for her failure to comply with the Court's orders.

## **DISCUSSION**

This Court's Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

1    In determining whether to dismiss an action for failure to obey a court order, the Court
2 must consider several factors: (1) the public's interest in expeditious resolution of litigation;
3 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
4 public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
5 alternatives.  Carey, 856 F.2d at 1440; Henderson, 779 F.2d at 1423.
6    In the instant case, the Court finds that the public's interest in expeditiously resolving this
7 litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this
8 action has been pending since June 6, 2007.  To date, Plaintiff has failed to file proper returns of
9 service, despite having been directed to do by the Court on at least four occasions over the last
10 nine months. (Docs. 4, 6, 8, 9).  In her letter response dated February 19, 2008, Plaintiff gives
11 several reasons for her noncompliance.  The reasons include "the clerks" told her she did not
12 have to,  she "is looking for a process server to deliver the paperwork," she is "trying to find an
13 attorney" and "will keep looking for one," and she "could not find two of the green certified
14 papers " and "included the receipts" instead. (Doc. 11, p. 1).  The documents attached to
15 Plaintiff's letter response do not establish that she has effected proper service of the documents
16 that she is supposed to have served in this action, including the summons and complaint. Instead,
17 she has attached to her letter 35 pages of documents that do not establish what was served, when
18 it was served,  or who was served.  The only marginally relevant document Plaintiff  has attached
19 is a return of service dated November 2, 2007, signed by her, stating that she served "Certified
20 Mail with Return Receipt for Paperwork" (Doc. 11, p 12).  This document does not constitute a
21 properly executed return of service or establish that Plaintiff has complied with the Court's
22 orders.[1]  Moreover, the Court cannot hold this action in abeyance until Plaintiff finds a process
23 server or retains an attorney who can accomplish proper service for her.
24    The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal,
25 because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting

---

[1] The Court also notes that Plaintiff's "complaint" in this action consists of a letter with attachments, that does not meet the pleading requirements of Fed. R. Civ. P. 8(a), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

3

1  an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor –
2  public policy favoring disposition of cases on their merits – is greatly outweighed by the factors
3  in favor of dismissal discussed herein.

4  Finally, a court's warning to a party that failure to obey the court's order will result in
5  dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;
6  Malone, 833 F.2d at 132-133; Henderson, 779 F.2d at 1424.  The Court's Order dated October
7  24, 2007, expressly stated: "**Plaintiff is advised that failure to comply with this order will**
8  **result in a recommendation that her case be dismissed.**"  (Doc. 8) (emphasis in original).  The
9  Court's Order to Show Cause dated February 1, 2008 stated: "**Plaintiff is forewarned that if she**
10 **fails to cause the Service Documents to be properly served upon Defendant or fails to cause**
11 **properly executed returns of service to be filed with the Court as ordered herein, the Court**
12 **will issue Findings and Recommendations recommending that this action be dismissed.**"
13 (Doc. 9) (emphasis in original).  Thus, Plaintiff had adequate warning that dismissal would result
14 from her noncompliance with the Court's orders.

## CONCLUSION AND RECOMMENDATIONS

16 Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED,
17 without prejudice, for Plaintiff's failure to comply with the Court's orders, and for her failure to
18 prosecute this action.  (Docs. 4, 8, 9).

19 These Findings and Recommendations are submitted to the United States District Judge
20 assigned to the case.  Within fifteen (15) days after being served with these Findings and
21 Recommendations, any party may file written objections with the Court and serve a copy on all
22 parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and
23 Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant
24 to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the
25 right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 5, 2008**          /s/ Theresa A. Goldner
                                    UNITED STATES MAGISTRATE JUDGE